# United States Court of Appeals
## For the First Circuit

No. 14-1058

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIAM BERRÍOS-CRUZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before
Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

Lenore Glaser on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

December 12, 2016

**PER CURIAM.** Defendant-Appellant William Berríos-Cruz appeals certain special conditions of supervised release imposed in connection with his guilty plea to production of child pornography. See 18 U.S.C. § 2251(a). Because Berríos's plea agreement contained a knowing and voluntary waiver of any right to appeal his sentence, we may reach the merits of his claims only to prevent a "miscarriage of justice." United States v. Vélez-Luciano, 814 F.3d 553, 559 (1st Cir. 2016). With respect to all but one of the challenged conditions, Berríos falls short of this bar and, accordingly, we must enforce his appellate waiver.

Condition four's requirement that Berríos submit to penile plethysmograph ("PPG") testing, however, presents a different situation. Indeed, the government concedes that this requirement, imposed without any explanation by the district court, should be vacated. See United States v. Medina, 779 F.3d 55, 71 (1st Cir. 2015) (holding that the district court must "provide a substantial justification before making submission to PPG testing part of a condition of supervised release"). We agree that enforcement of Berríos's appellate waiver with respect to the PPG testing requirement would result in a miscarriage of justice. See Vélez-Luciano, 814 F.3d at 564-65 (holding that "potentially subjecting [the defendant] to PPG testing when the government expressly disavows the utility of this particular procedure about

- 2 -

which we have expressed reservations, especially when the record lacks any explanation of the applicability of PPG testing to this defendant, constitutes a miscarriage of justice," as well as plain error (citation omitted)).

For the foregoing reasons, we **VACATE** the portion of condition four that authorizes PPG testing and remand for the district court to consider the parties' joint recommendation that the relevant part of the condition be stricken. We **AFFIRM** all other aspects of Berríos's sentence.